United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA JORDAN,<br>  Plaintiff,<br>  v.<br>THE PRESIDIO TRUST, et al.,<br>  Defendants. | Case No. 16-cv-02122-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 63 |

On April 21, 2016, Plaintiff Patricia Jordan filed the instant case against Defendants Presidio Trust and the United States Equal Employment Opportunity Commission ("EEOC"), alleging that she was terminated from her position with the Presidio Trust based on her age and gender. (Compl., Dkt. No. 1.) On January 30, 2017, the Court granted Defendants' motion to dismiss the complaint. (Dkt. No. 49.) Plaintiff filed an amended complaint, which brought two causes of action for declaratory relief and injunctive relief, based on whether Plaintiff's claims are subject to the "Presidio Trust Procedures Related to Claims of Workplace Discrimination." (First Amended Compl. ("FAC") ¶¶ 67, 77, Dkt. No. 51.) Defendants now move to dismiss Plaintiff's pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Mot., Dkt. No. 63.)

The Court deemed the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and vacated the hearing previously set for July 6, 2017. (Dkt. No. 73.) Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS Defendants' motion because Plaintiff only brings two causes of action for declaratory relief and injunctive relief; these, however, "are not independent causes of action, but remedies." *Hayes v. Wells Fargo Bank, N.A.*, Case No.: 3-13-cv-420 KAW, 2013 WL 4117050, at *7 (N.D. Cal. Aug. 12, 2013); *see also Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal.

2010) ("the Court notes that declaratory and injunctive relief are not causes of action; rather, they are remedies"). To seek declaratory relief or injunctive relief, Plaintiff must first plead a cause of action to support such relief. The Court therefore finds dismissal with leave to amend to be appropriate.

In her opposition, Plaintiff appears to suggest that she is bringing an Administrative Procedure Act ("APA") claim, which underlies her request for declaratory relief and an injunction. (Plf.'s Opp'n at 4, Dkt. No. 71 ("the case seeks declaratory relief and an injunction against officers of the subject agencies under §702").) As Defendants point out, however, Plaintiff's complaint does not in fact include an APA cause of action, and an "argument in opposition cannot cure a defect in the pleading." *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1009 (N.D. Cal. 2015); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (internal quotation omitted). Thus, if Plaintiff intends to bring an APA claim, she must explicitly plead such a claim in her amended complaint. The APA claim should, at the very least, specifically identify the exact agency actions being challenged, whether it is the promulgation of the Presidio Trust Procedures Related to Claims of Workplace Discrimination, the alleged "interagency agreement" between Defendants, or some other alleged final action.

Because the Court dismisses Plaintiff's complaint on the ground that declaratory relief and injunctive relief are not causes of action, the Court need not determine the merits of Defendants' other arguments. The Court notes, however, the following issues that have been raised in the parties' briefing:

First, should Plaintiff bring an APA claim, there is a question of whether the agency discretion exception applies. (*See* Defs.' Reply at 3-5.) This discretion is a "very narrow" one, which applies when "statutes are drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (internal quotation omitted).

Second, there is a question of whether Plaintiff can adequately identify an injury-in-fact by

2

pointing to differences between the Presidio Trust's and the EEOC's procedures. (*See* Plf.'s Opp'n at 6.) It is not clear that the cited differences alone are adequate to establish the concrete and particularized injury required for standing purposes, and what legal authority exists to support such a position.

Third, again, the Court observes generally that statutory interpretation may properly be conducted at the motion to dismiss stage because it is a legal question. (*See also* Dkt. No. 49 at 10.) The Court is unaware of any authority which concludes that legislative history is a matter outside of the pleadings, such that a court cannot interpret a statute without converting a motion to dismiss into a motion for summary judgment.[1] Further, if the statute itself is clear, there may be no need to analyze legislative history or intent at all.

For the reasons stated above, the Court GRANTS Defendants' motion and dismisses Plaintiff's complaint without prejudice. Plaintiff has thirty (30) days from the date of this order to file the amended complaint.

IT IS SO ORDERED.

Dated: July 5, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] To the extent Plaintiff intends to rely on this argument again, the Court expects Plaintiff to cite to relevant legal authority in support.

3